NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3034

JAMES B. HICKOK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  May 8, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

James B. Hickok seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal from the refusal of the United States Postal Service (agency) to restore him to his previous EAS-21 level position.  Hickok v. U.S. Postal Serv., No. DE035304225-I-1 (Merit Sys. Prot. Bd. Sept. 12, 2005).  We affirm.

I

As of October 29, 1999, Mr. Hickok held the position of Manager of Customer Service at the Sandy, Utah, Post Office.  The position carried a pay grade of EAS-21.  On that date, Mr. Hickok suffered a panic attack which resulted in his absence from

work for medical reasons. He remained absent until December of 2000 when he was provided a temporary assignment. Information supplied to the agency by Mr. Hickok made it clear that he was unable to return to the Sandy, Utah, location and to perform the duties of his level EAS-21 position. Mr. Hickok unsuccessfully sought to establish that his October 29, 1999, panic attack was a compensable injury.

On April 23, 2001, the agency issued Mr. Hickok a Notice of Proposed Downgrade and Reassignment, to an EAS-16 position as a Supervisor of Distribution Operations in the agency's Salt Lake City facility. The stated reason for the agency's action was Mr. Hickok's inability to perform his Sandy, Utah, position. The proposed downgrade and reassignment would take effect on June 2, 2001.

On June 1, 2001, however, Mr. Hickok suffered another panic attack. He filed a worker's compensation claim based on the June 1 panic attack, which was initially denied by the Office of Workers' Compensation Programs in the Department of Labor (OWCP). In further proceedings, however, OWCP on November 24, 2003, accepted the June 1, 2001 incident as a compensable injury.

Mr. Hickok thereafter requested the agency to restore him to a limited duty assignment. When that effort failed, Mr. Hickok filed his appeal with the Board.

II

The law provides that an agency must make "every effort to restore in the local commuting area . . . an individual who has partially recovered from a compensable injury and who is able to return to limited duty . . . ." 5 C.F.R. § 353.301(d) (2005). Mr. Hickok falls within the definition of a partially recovered person, as he has partially

recovered from his compensable injury, the June 1 panic attack, but he is "not ready to resume the full range of his . . . regular duties . . . ." 5 C.F.R. § 353.102 (2005).

The appeal rights to the Board of an employee claiming violation of restoration rights as a partially recovered individual are set forth in 5 C.F.R. § 353.304(c):

> An individual who is partially recovered from a compensable injury may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.

The Board has interpreted this regulation, specifying the precise showing an employee must make to invoke the Board's jurisdiction under section 353.304(c). In particular, to establish jurisdiction over a restoration claim as a partially recovered employee, the appellant must allege facts which if proven would show: (1) the appellant was absent from his position due to a compensable injury; (2) sufficient recovery to qualify for either part-time work or less demanding work; (3) the appellant's request for restoration was denied; and (4) the denial was arbitrary and capricious. Chen v. U.S. Postal Serv., 97 M.S.P.R. 527, 533 (2004).

III

The administrative judge assigned to Mr. Hickok's appeal held that Mr. Hickok failed to make a nonfrivolous allegation that he was absent from his EAS-21 position in Sandy, Utah, due to a compensable injury. Mr. Hickok had sought to establish with OWCP that his first panic attack was a compensable injury, but he failed in that effort. The administrative judge found that after Mr. Hickok's first panic attack, he was not capable of ever returning to the EAS-21 position and that the agency properly put him in the Salt Lake City position. Further, the administrative judge found that the agency was unaware of any compensable injury at the time it proposed and sustained Mr. Hickok's

demotion and reassignment. In short, Mr. Hickok was not absent from his position due to a compensable injury. Consequently, the administrative judge held that Mr. Hickok's asserted violation of restoration rights must fail. His appeal thus was dismissed.

Mr. Hickok unsuccessfully sought review by the Board of the initial decision by the administrative judge, thereby making the decision of the administrative judge the final decision of the Board for purposes of appeal to this court. Mr. Hickok timely sought review in this court.

IV

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law. Where the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In order for Mr. Hickok to establish jurisdiction of the Board over his restoration claim, he must allege facts, which if proven, would show that he was absent from his position due to a compensable injury. The facts found by the Board are that Mr. Hickok's only compensable injury occurred on June 1, 2001, after the agency had proposed and finalized its action that demoted and transferred Mr. Hickok. The agency's action resulted from the failure of Mr. Hickok to be able to perform his EAS-21 position. That failure may well have been due to the cause and effect of the first panic attack, but the first panic attack has not been credited by OWCP as a compensable injury. The administrative judge expressly found that Mr. Hickok did not show that his absence from the EAS-21 position was due to the June 1 panic attack. It is clear that Mr. Hickok's absence resulted from the earlier panic attack. Without a compensable

injury as the cause for absence, a claim by a partially recovered employee for restoration must fail as a matter of law.

Mr. Hickok argues that OWCP's determination that the June 1 incident produced a compensable injury must mean that as of June 1 he qualified for restoration as a person who could not work due to a compensable injury. This argument overlooks the fact that Mr. Hickok was unable to perform the EAS-21 position because of the first panic attack, which was not a compensable injury. Even though Mr. Hickok sustained a compensable injury on June 1, while he was absent from the EAS-21 position, he has not made a nonfrivolous allegation that his continued absence after June 1 was a result of the June 1 panic attack and not a result of the first panic attack. Thus, because Mr. Hickok has not made a nonfrivolous allegation that he was absent from his position as a result of a compensable injury, the Board correctly determined that it does not have jurisdiction over this case.

We discern no error in the law applied by the Board to the facts of this case, and we conclude that the facts underlying the Board's decision are supported by substantial evidence. Mr. Hickok's arguments to the contrary, which we have considered, are unavailing.

The final decision of the Board is therefore affirmed.